**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**POSTNET INTERNATIONAL**
**FRANCHISE CORPORATION,**

          **Plaintiff,**

-vs-                                  **Case No. 6:08-cv-106-Orl-31GJK**

**R&B CENTRAL ENTERPRISES, INC.,**
**RODGER L. TAYLOR, BEATRIZ I.**
**TAYLOR,**

          **Defendants.**
_____/

# ORDER

This matter comes before the Court on the Motion for Civil Contempt Sanctions (Doc. 19) filed by the Plaintiff, Postnet International Franchise Corporation ("PostNet"), on March 28, 2008. The deadline for a response passed on April 16, 2008 without action by the Defendants.[1]

**I.    Background**

The Defendants operated a PostNet franchise, offering postal, business and communication services from a location in Lake Mary, Florida. PostNet terminated the franchise agreement on December 21, 2007. (Doc. 1 at 7). Pursuant to the franchise agreement, upon such termination the Defendants were obligated, *inter alia*, to stop operating as a PostNet franchise and stop using PostNet's proprietary marks. (Doc. 1 at 2). Defendants were also forbidden from operating a

---

[1] Counsel for PostNet certifies that a copy of the motion for sanctions was mailed to the Defendants on March 28, 2008. (Doc. 19 at 8).

competing business offering the same or similar products within ten miles of the old location. (Doc. 1 at 2).

On January 22, 2008, PostNet filed the instant suit, alleging that the Defendants had breached the franchise agreement and were operating a competing business at the same location as their previous franchise, using PostNet's trade name and trade marks. (Doc. 1 at 3). Simultaneously, PostNet filed a motion for preliminary injunctive relief (Doc. 2). The Defendants failed to respond to the motion, which the Court granted on March 3, 2008. (Doc. 17). Pursuant to the order granting the motion (the "Injunctive Order"), the Defendants were enjoined from operating "any business offering similar services as Defendants' former PostNet franchise within a ten-mile radius of the 'Protected Territory,' as that term is defined in the parties' franchise agreement," and were required to immediately cease all operations of the business they were operating at their old location. (Doc. 17 at 3). The Defendants were also ordered to immediately discontinue their use of PostNet's marks. (Doc. 17 at 3). The Defendants were served with a copy of the Injunctive Order on March 4, 2008. (Doc. 19-3 at 3).

**II.    Analysis**

An injunction can be enforced, if necessary, through a contempt proceeding. *Doe v. Bush*, 261 F.3d 1037, 1064 (11th Cir.2001). A finding of civil contempt – willful disregard of the authority of the court – must be supported by clear and convincing evidence. *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir.2000). The clear and convincing evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order. *Id*. In determining whether a party is in contempt of a court order, the order is subject to reasonable

interpretation, though it may not be expanded beyond the meaning of its terms absent notice and an opportunity to be heard. *Riccard v. Prudential Ins.* Co., 307 F.3d 1277, 1296 (11th Cir. 2002).

### III.    Application

The Plaintiff seeks entry of contempt sanctions against the Defendants on the grounds that they are continuing to operate a competing business at the location of their previous PostNet franchise. (Doc. 19 at 3). In support they provide the affidavit of Cynthia Trueba ("Trueba"), a subcontract worker of Franchise Compliance, Inc., a franchise compliance and enforcement corporation. (Doc. 19-3 at 1). According to her affidavit, Trueba conducted surveillance of the location of the Defendants' former PostNet franchise on March 7, 2008 and determined that "a notary, fax, and office services company operating under the name of Blue Systems" was doing business there. (Doc. 19-3 at 1). However, the PostNet sign had been removed (Doc. 19-3 at 2), and thus that cannot serve as the basis for a finding that the Injunctive Order has been violated. In addition, PostNet has presented no evidence tying the Defendants to the operation of this competing business. On this record, the Court cannot conclude that the Plaintiff has provided

clear and convincing evidence that the Defendants are violating the Injunctive Order. In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Civil Contempt Sanctions (Doc. 19) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 22, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party