**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**POSTNET INTERNATIONAL**
**FRANCHISE CORPORATION,**

                **Plaintiff,**

**-vs-**                                        **Case No. 6:08-cv-106-Orl-31GJK**

**R&B CENTRAL ENTERPRISES, INC.,**
**RODGER L. TAYLOR, BEATRIZ I.**
**TAYLOR, ,**

                **Defendants.**
_____/

## ORDER

This matter comes before the Court on the Order to Show Cause (Doc. 25) directed to all Defendants and the response (Doc. 27) -- titled "Declaration (Affidavit of Truth and true bill) of Rodger Carlton Taylor" (henceforth, the "Declaration"). On March 3, 2008, this Court entered an order (Doc. 17) (the "Injunctive Order") enjoining the Defendants from, among other things, operating a business offering services similar to those offered at their former PostNet franchise within a ten-mile radius of the "Protected Territory," as that term is defined in the parties' franchise agreement. On May 21, 2008, the Plaintiff filed a motion (Doc. 24) seeking sanctions for alleged violations of that injunction, accompanied by an affidavit (Doc. 24-2) from an investigator who observed the Defendants operating a similar business at the location of the previous PostNet franchise and continuing to utilize some PostNet materials and signs. On May 27, 2008, after a review of the motion and affidavit, the Court ordered the Defendants to show cause why they should not be held in contempt for violating the injunction and directed the

Plaintiff to serve a copy of the order on the Defendants, along with a copy of the motion for sanctions. (Doc. 25 at 1-2). On May 28, 2008, counsel for the Plaintiff filed affidavits showing that it had served the Defendants on the previous day. (Doc. 26). The deadline for a response by the Defendants passed on June 10, 2008.

The only response received was the Declaration, in which Defendant Rodger Taylor ("Taylor") takes issue with a "purported misnomer" – presumably because he is shown on the case caption as "Rodger L. Taylor" rather than "Rodger Carlton Taylor" or "Rodger C. Taylor" – and attempts to construe the Order to Show Cause as a commercial offer, which he purports to reject using legal terms apparently selected at random from the Uniform Commercial Code.[1]   Despite his complaint about the "purported misnomer," Taylor never denies being a proper party to this suit. In other words, he does not contend that some other Rodger Taylor signed the franchise agreement and operated a PostNet franchise. Moreover, Taylor does not deny the allegations in the motion and accompanying affidavit, except to say the allegations provide "no proof of any of my business activities." (Doc. 27 at 1).

The Plaintiff has clearly and convincingly established that the Defendants are willfully violating the Injunctive Order by operating a similar business at the location where they previously operated a PostNet franchise and by continuing to utilize PostNet's trade names, logos and other proprietary information. The Injunctive Order was clear and unambiguous, and the Plaintiff served a copy of it upon the Defendants the day after it was entered. (Doc. 19-2). Nothing in the

---

[1] For example, Taylor states that the documents he received, including the Order to Show Cause, are "returned to the sender, and the property of the sender, sending in error, is returned as without commercial dishonor or other sort of dishonor, and is returned without recourse to me, and returned 'timely'". (Doc. 27 at 1).

record suggests that the Defendants lack the ability to comply with the order.  The Court concludes that sanctions will be required to coerce the Defendants into complying with the Injunctive Order.  In addition, the Court finds that the Plaintiff is entitled to an award of the fees and costs incurred in documenting the Defendants' noncompliance and drafting the motion for sanctions.  Accordingly, it is hereby

**ORDERED** that the Order to Show Cause (Doc. 25) is **DISCHARGED**, and Plaintiff's Renewed Motion for Civil Contempt Sanctions (Doc. 24) is **GRANTED.**  The Defendants, jointly and severally, are hereby **SANCTIONED** the amount of $100 per day for each day they continue to violate the Injunctive Order (Doc. 17) whether by operating a competing business at the location of their former PostNet franchise, by utilizing PostNet's proprietary marks and logos, or in any other fashion, beginning the day after they are served with a copy of this order by the Plaintiff.  The daily sanction will continue to accrue until the Court is notified that the Defendants have brought themselves into compliance with the Injunctive Order.  Should this sum prove insufficient to convince the Defendants to comply with the Injunctive Order within a reasonable time, the Court will entertain a motion from the Plaintiff to increase the sanction, up to and including the possibility of incarceration.

In addition, as a sanction, the Plaintiff is hereby **AWARDED** the reasonable fees and costs incurred in documenting the Defendants' noncompliance and drafting the motion for sanctions.  Not more than ten days from the entry of this order, the Plaintiff shall file an accounting of those fees and costs, along with any supporting documentation.  The Defendants shall have ten days

thereafter to file any objection they might have to the reasonableness of the fees and costs sought by Plaintiff.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 19, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party