**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**POSTNET INTERNATIONAL**
**FRANCHISE CORPORATION,**

               **Plaintiff,**

-vs-                                          **Case No.  6:08-cv-106-Orl-31GJK**

**R&B CENTRAL ENTERPRISES, INC.,**
**RODGER L. TAYLOR, BEATRIZ I.**
**TAYLOR, ,**

               **Defendants.**
_____/

## ORDER

This matter comes before the Court on the Application for Attorney Fees filed by the Plaintiff, PostNet International Franchise Corporation ("PostNet") (Doc. 31), and an untitled document (Doc. 32) filed by Defendant Rodger L. Taylor ("Taylor"), which the Court interprets as a response to the motion.

On March 3, 2008, this Court entered an order (Doc. 17) (the "Injunctive Order") enjoining the Defendants from, among other things, operating a business offering services similar to those offered at their former PostNet franchise within a ten-mile radius of the "Protected Territory," as that term had been defined in the parties' franchise agreement. On May 21, 2008, the Plaintiff filed a motion (Doc. 24) seeking sanctions for violations of that injunction, accompanied by an affidavit (Doc. 24-2) from an investigator who observed the Defendants operating a similar business at the location of the previous PostNet franchise and continuing to utilize some PostNet materials and signs. On May 27, 2008, after a review of the motion and affidavit, the Court

ordered the Defendants to show cause why they should not be held in contempt for violating the injunction and directed the Plaintiff to serve a copy of the order on the Defendants, along with a copy of the motion for sanctions. (Doc. 25 at 1-2). On May 28, 2008, counsel for PostNet filed affidavits showing that it had served the Defendants on the previous day. (Doc. 26). The deadline for a response by the Defendants passed on June 10, 2008.

The only response received was a "Declaration" (Doc. 28), in which Taylor took issue with a "purported misnomer" and attempted to construe the order to show cause as a commercial offer apparently pursuant to a bizarre interpretation of the Uniform Commercial Code. Because Taylor did not contest the substance of the motion for sanctions, the Court granted it, sanctioning the Defendants $100 per day for violating the Injunctive Order and awarding PostNet its fees and costs in documenting the violation and bringing the motion. (Doc. 28). PostNet was directed to file an accounting of the fees and costs, along with supporting documentation, and the Defendants were given ten days to file any objections to the reasonableness of the amounts sought. (Doc. 28 at 3-4).

Pursuant to that order, counsel for PostNet filed an application for fees and costs in the sum of $8,421.42, supported by affidavits. (Doc. 31). Taylor's response (Doc. 32) does not take issue with the reasonableness of the fees and costs incurred. Rather, Taylor contends that on January 15, 2008, an entity called "Blue Systems" purchased the business located at the site of the former PostNet franchise and states that, at some time after the entry of the order awarding sanctions, he visited the location and found no PostNet signage or forms in use. (Doc. 32 at 1). The response was accompanied by a purported bill of sale (Doc. 32-2). Even assuming this information to be true, the time to bring it before the Court was, at the latest, back in June, when the Court entered its order to show cause why sanctions should not be imposed. Taylor offers no explanation for his

failure to do so.  The Court finds that PostNet is entitled to the amount it has requested. Accordingly, it is hereby

   **ORDERED** that monetary sanctions are hereby **AWARDED** in favor of PostNet International Franchise Corporation and against R&B Central Enterprises, Inc., Rodger L. Taylor, and Beatriz I. Taylor, jointly and severally, in the amount of $8,421.42.

   **DONE** and **ORDERED** in Chambers, Orlando, Florida on August 19, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party