**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**POSTNET INTERNATIONAL**
**FRANCHISE CORPORATION,**
      **Plaintiff,**

**-vs-**                  **Case No. 6:08-cv-106-Orl-18DAB**

**R&B CENTRAL ENTERPRISES, INC.,**
**RODGER L. TAYLOR,**
**BEATRIZ I. TAYLOR,**
      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **RENEWED MOTION FOR ATTORNEY'S FEES AND COSTS (Doc. No. 55)**
>
> **FILED:**    **November 18, 2008**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

### *BACKGROUND*

As set forth in prior Report issued by Magistrate Judge Kelly, Plaintiff PostNet International Franchise Corporation (herein "Plaintiff"or "PostNet") instituted this action by filing a four-count Complaint against Defendants R&B Central Enterprises, Inc. (herein "R&B"), Rodger C. Taylor (incorrectly named in the Complaint as Rodger L. Taylor) (herein "Rodger Taylor") and Beatriz I. Taylor (herein "Beatriz Taylor") (collectively, the "Defendants") (Doc. No. 1), accompanied by a

motion for preliminary injunction (Doc. No. 2). The Complaint asserted breach of a franchise agreement, infringement of federally registered marks and federal trademark dilution, and it sought permanent injunctive relief. A provision of the Franchise Agreement provided that in the event of termination of the Agreement, Defendants would, among other things, "promptly pay all sums owing to PostNet and its affiliates, including, in the event of Defendants' termination, all damages, costs, and expenses, including reasonable attorneys' fees, incurred by PostNet as a result of the default." *See* Doc. No. 1-4, § 14.

On February 22, 2008, Plaintiff moved for entry of a clerk's default, as none of Defendants had responded to the Complaint (Doc. No. 11). The Clerk complied (Doc. Nos. 13-15). On March 3, 2008, the Honorable Gregory A. Presnell granted Plaintiff's motion for a preliminary injunction, finding no hearing was necessary (Doc. No. 17). Following the issuance of the injunction, Plaintiff moved for sanctions or contempt for noncompliance, and the Court subsequently granted the motion and awarded attorney's fees to Plaintiff (Doc. Nos 33-37). On May 2, 2008, Plaintiff moved for a default judgment as to the Complaint, and Judge Kelly recommended that the motion be granted, except with respect to Plaintiff's request for attorney's fees and costs (Doc. No. 38). In noting the exception, Judge Kelly observed:

> Plaintiff seeks an award of attorneys' fees and costs in the amount of $16,635.23 and attached to its Motion the aforementioned affidavits. Doc. No. 23 5-11. Plaintiff has established and Defendants have effectively admitted their fault as to the allegations raised in the Complaint, and pursuant to the Franchise Agreement, Defendants are responsible for Plaintiff's attorneys' fees and costs. However, aside from the affidavit of Michael Lindsay, counsel did not furnish requisite time sheets to establish that the time expended by counsel was reasonable or supporting evidence that the hourly rates used are reasonable. Accordingly, the Court is without sufficient information to recommend awarding Plaintiff its attorneys' fees and costs at this juncture.

(Doc. No. 38 at 9).

The District Court adopted Judge Kelly's recommendation, granted the motion for entry of default judgment, in part, and retained jurisdiction to entertain a motion for attorney's fees (Doc. No. 39, 41, 42). Plaintiff filed a motion for attorney's fees and costs on September 23, 2008 (Doc. No. 43). Following recusal of Judge Kelly and assignment of this matter to the undersigned, this Court denied the motion, without prejudice to renewal and clarification, as to "whether the amount already awarded and reduced to judgment has been removed from the application. Any renewal shall include a summary of time spent and hourly rates charged by each attorney." (Doc. No. 53). The instant motion[1] follows.

According to the instant motion, Plaintiff asserts entitlement to $22,953.54 in fees and costs, broken down as follows:

| | | |
|---|---|---|
| $29,681.50 in attorney's fees (eight attorney's billing at rates between $200 and $420 per hour) | **minus** $7,710.00 in attorney's fees already awarded | for a total of **$21,971.50 in attorney's fees;** plus |
| $1,693.46 in costs | **minus** $711.42 in costs already awarded | for a total of **$982.04 in costs,** |
| | | **for a grand total of $22,953.54.** |

In support, Plaintiff files redacted time sheets and two brief and conclusory Affidavits that the rates are reasonable. The Court **respectfully recommends** that the motion be granted, in part, and that the Court award attorney's fees in the total amount of $13,400.00, with costs to be taxed by the Clerk via a Bill of Costs filed in the normal course.

---

[1] Unlike the original motion, the papers presently before the Court do not include any supporting opinion as to reasonableness from anyone not counsel in the case.

### *ISSUES AND ANALYSIS*

As noted above, Defendants obligated themselves to pay reasonable attorney's fees and costs in the event of a default of the Franchise Agreement. In this circuit, the Court applies the familiar lodestar approach in order to determine a reasonable attorney fee. "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim,* 10 F.3d. 776, 781 (11th Cir. 1994) (per curiam); *see also Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Board of Education,* 775 F.2d 1565, 1571 (11th Cir. 1985)

It is presumed that most or all of the following factors are subsumed in the calculation of the lodestar:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of any professional relationship with the client; and (12) awards in similar cases.

*Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir.1988) , (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974))  The going rate in the community is the most critical factor in setting the fee rate. *Martin v. University of South Alabama,* 911 F.2d 604, 610 (11th Cir. 1990).

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman,* 836 F.2d 1292 at 1303. With respect to rates, an

applicant may meet his or her burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman,* 836 F.2d at 1299. In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. *Id.* at 1303. With respect to hours, if an applicant's documentation "is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434.

*Reasonable Hours*

Applied here, the motion is insufficient to establish entitlement to a fee of over $20,000 for the work performed. With respect to the time and labor required, the docket reflects the filing of a complaint and motion for preliminary injunction and a motion for default judgment.[2] There were no hearings or trial, no discovery disputes (indeed, no discovery as the matter proceeded upon default), and, no other significant legal work that has not already been reimbursed. While the matter was not routine, it was not so complex that it warranted particular expertise, above and beyond that required of any practitioner of commercial litigation in federal court. Plaintiff does not identify any *Johnson* factor that would serve to justify the 92 plus hours expended by the *eight* attorneys Plaintiff used in this matter on these tasks.

While Plaintiff (or any party for that matter) has the right to the services of any counsel it chooses, when, as here, the cost of counsel is to be visited on another party, that right is not unfettered. The use of eight professionals to prosecute a case against defaulting defendants is inherently unreasonable, as well as unnecessary. The timesheets reflect substantial redundancy such

---

[2]The other substantive motions for sanction and contempt were reimbursed by prior award, and are thus not included here.

as numerous "conferences," and other duplicate efforts that are not chargeable to one's adversary.[3]

Upon review of the billing and the papers of record, the Court finds no more than 50 of the 92 hours claimed (20 partner hours, 30 associate hours) reflect services reasonably performed.

*Reasonable rates*

The proof with respect to the reasonableness of the rates is lacking, as well. Other than a conclusory assertion that the rates are "reasonable for this market," no evidence as to why particular counsel warrant a claimed rate is offered. It appears that counsel charged partner rates ranging from $370 to $420 per hour, and associate rates ranging from $200 to $270 per hour. These amounts may be reasonable, in a proper case and upon a proper showing of counsel's qualifications, but no such showing was made here. Reasonable rates are judged in accordance with the legal market (Orlando) and the services provided. Taking into account the *Johnson* factors to the extent the Court has evidence of same, and absent any evidence regarding justification for awarding the range of rates requested, the Court finds $200 an hour to be reasonable for associate time and $370 to be reasonable for partner time. The Court therefore finds a reasonable award of fees to be **$13,400.00** and **recommends** award of same. Costs should be taxed by the Clerk via the filing of a Bill of Costs (which do not include electronic research charges) in the usual manner. *See* Rule 54(d)(1).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[3] The timesheets are redacted, but detail multiple individuals billing each discrete task.

Recommended in Orlando, Florida on December 15, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy