# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**POSTNET INTERNATIONAL**
**FRANCHISE CORPORATION,**
          **Plaintiff,**

**-vs-**                                                         **Case No. 6:08-cv-106-Orl-22DAB**

**R&B CENTRAL ENTERPRISES, INC.,**
**RODGER L. TAYLOR,**
**BEATRIZ I. TAYLOR,**
          **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration at a bench trial held with respect to Defendant Rodger L. Taylor's Objections (Doc. No. 58) to a Writ of Garnishment issued to Bank of America, N.A.(Doc. Nos. 45, 46), following entry of judgment in Plaintiff's favor in this matter. As Defendants failed to appear at the trial, and failed to comply with post-judgment discovery obligations and previous Orders of the Court, it is **respectfully recommended** that the Answer of the Bank be accepted, the objections of Defendants be deemed abandoned, and judgment be entered for payment of the garnished funds to Plaintiff, as set forth herein.

In its Answer to the Writ (Doc. No. 54, amended at 57), the Garnishee listed possession of four accounts: 1) an account in the name of by Rodger C. Taylor in the amount of ten cents; 2) an account in the name of Beatriz I. Taylor, in the amount of $357.15; 3) a certificate of deposit in the name of Beatriz I. Taylor, in the amount of $1,141.87; and 4) an account in the name of "Beatriz I Taylor,

Sydney N. Taylor" in the amount of $3,393.08. Thus, the Bank purported to have in its possession four accounts totaling $4,892.20.[1]

Upon receipt of the Answer, as amended, Plaintiff served the Notice to Defendants pursuant to Florida Statute § 77.055 (Doc. No. 56). In response, Defendant Rodger Carlton Taylor filed what the Court construes as an objection to the Garnishment of two of the accounts; namely account 9551 - held in the name of Beatriz I. Taylor, Sydney N. Taylor in the amount of $3,393.08, and the certificate of deposit account held in the name of Beatriz I. Taylor in the amount of $1,141.87 (Doc. No. 58). According to the objection, which is lodged solely by Mr. Taylor, the accounts are custodial accounts belonging to an 8 year old child.

Plaintiff responded to the Objection by requesting a trial, under Florida law, on the objection (Doc. No. 59). The Court obliged, and issued a Notice of Trial (Doc. No. 61). In that Notice, which scheduled the trial for January 20, 2009, the Court ordered as follows:

> No later than one week before the trial term, or at such other time as the Court may direct:
>
> A. Each side shall submit to the Judge and to the opposing counsel or party a trial brief or memorandum with citations of authorities and arguments in support of his position on all disputed issues of law.
> B. Counsel for each party and each pro se party in a non-jury trial shall file with the clerk, with a copy to opposing counsel and the Court, proposed written findings of fact and conclusions of law.

(Doc. No. 61). Defendants did not comply with this Order by making the filings.

Following the Court's issuance of the trial notice, Plaintiff moved for an order directing Defendants to complete certain forms in aid of execution, as allowed by Florida and federal law (Doc.

---

[1] Although the motion for default judgment at Doc. No. 67 references a balance of $3,**2**93.08 in the 9551 account, the Answer states a balance of $3,393.08. The Court accepts the amount in the Answer.

No. 62). The Court granted the motion, and ordered Defendants to complete the forms "no later than January 16, 2009." (Doc. No. 63). Defendants failed to comply with the Order.

Prior to the trial, Plaintiff filed a motion to compel Defendants to respond to a Request for production of documents and Interrogatories (Doc. No. 64) and a motion for default judgment (Doc. No. 67), noting that, in addition to failing to provide the completed forms and failing to provide the pre-trial briefing, Defendants have also failed to comply with the requested discovery. Moreover, according to the papers, Plaintiff served a trial subpoena upon the Bank and Defendants sent an objection to the Bank *but did not file the objection with the Court or serve it on Plaintiff.* Plaintiff's counsel represented at hearing that counsel for the Bank notified Plaintiff that it would not comply with the subpoena, due to the unresolved objection.[2]

None of the Defendants appeared at trial.

Pursuant to Florida law, funds on deposit in a financial institution are presumed to belong to the person or entity named on the account. *Thomas J. Konrad & Associates, Inc. v. McCoy,* 705 So.2d 948 (Fla. 1st DCA 1998). Applied here, the Bank's Answer reflects that Defendant Rodger Taylor owns one account, and Defendant Beatriz Taylor owns two accounts outright, and an additional account, with Sydney Taylor. As the Bank's Answer reflects a joint account, without any limitations noted, the debtor is presumed to own the entire account, subject to the right of the account holders to rebut that presumption, such that the full amount of the account is available to the judgment creditor for garnishment, absent evidence of the nondebtor's sole equitable ownership of a specific identifiable portion. *See, generally,* Annotation, *Joint Bank Account as Subject to Attachment, Garnishment, or Execution by Creditor of One Joint Depositor,* 86 A.L.R. 5th 527 (2001); *Amarlite Architectural*

---

[2] Due to the recommendation to enter judgment for payment of the garnished funds to Plaintiff, the Court need not address whether the Bank's decision to forego compliance with the trial subpoena constitutes contempt.

*Products, Inc. v. Copeland Glass Co.*, 601 So.2d 414 (Ala. 1992). While the presumption may be rebutted upon a sufficient showing, Defendants have abandoned any objection to the application of the presumption here by failing to appear and thus, no evidentiary showing has been made that Sydney owns any portion of the account, let alone a showing that this is a custodial account belonging solely to the minor and created without intent to defraud creditors.

Pursuant to Florida law, "Judgment against the garnishee on the garnishee's answer or after trial of a reply to the garnishee's answer shall be entered for the amount of his or her liability as disclosed by the answer or trial." Fla..Stat. § 77.083. The Court finds that judgment is appropriate with respect to all of the accounts, consistent with the Bank's Answer. Alternatively, the Court finds that the failure of Defendants to comply with discovery and orders of this Court, and to appear and defend at trial on the Writ, amount to an abandonment of the defense, sufficient to justify entry of a default judgment with respect to the Writ.

It is therefore **respectfully recommended** that judgment be entered in favor of Plaintiff in the amount of $4,892.20, on the writ of garnishment served on the Bank of America. Should this recommendation be adopted, the Motion to Compel should be denied, as moot, and the Motion for Default Judgment should be granted, to the extent not moot.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 26, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy